*19 The opinion of the court was delivered by
Duncan, J.
This case presents three heads of inquiry. The first — Does the presumption of payment of a judgment of more than twenty years’ standing, obtain in the same degree as it does on bonds?
2. If there were no circumstances to account for this delay, was it the duty of the court to submit the question, as an open one, to the jury, to draw their conclusion as to actual payment?
3. Was there no circumstance given in evidence to repel the presumption of payment, from length of. time, to be left to the jury?
The presumption is admitted to obtain as to bonds and mortgages} but it is said, there is no instance in which payment of a judgment shall be presumed, after a forbearance for twenty years, the record itself importing absolute verity. I have not been able to distinguish judgments from bonds and mortgages. Claims the most solemnly established on the face of them, will be presumed to have been paid after twenty years. The existence of a record may in some cases, and after a long time, be presumed: if that may be presumed, I do not see why its satisfaction may not be presumed. The plea of payment does not infringe the sanctity of the record, but shows that it has answered the purpose of its creation, by a satisfaction of the debt secured by it.
On a bill to foreclose a mortgage, a court of chancery makes the same presumption of facts on the allegation of payment, (Giles v. Baremore, 5 Johns. Ch. R. 551,) and that without sending it to the jury.
By the common law, a judgment on which no execution was taken, out for a year and a day, was not operative as a judgment, on which execution might issue; the party was driven to his original on the judgment. The scire facias was given by statute, and it is so-far in the nature of an original «ction, that the defendant may plead to it. In England by the rules of practice, which have' not been adopted here, if the judgment be above ten years’ standing, the plaintiff cannot sue out a scire facias without motion in court; and, if above seven years, he cannot without a side bar rule. In the courts of New York, leave will not be given to enter up a judgment on a warrant of attorney of eight years’ standing without accounting for the delay. 7 Johns. 282. Nothing can more clearly evince the strong opinion of courts of justice of "the effect of time on judgments than these rules.
As eourts would direct a jury to presume payment on a mortgage after twenty years, if they act on the presumption of payment of the debt secured -by the mortgage, what good reason can be assigned why, if judgment was obtained on it, the same presumption should not be made ? If a man holding a warrant of attorney' to confess a judgment on bond, were to forbear for nineteen years to enter up the judgment, would that entry prevent the operation of *20 of presumption for any anterior time? The rule of twenty years, by analogy to the statute of Jac. 1., as to the limitation of entry or ejectment, prevailed as to bonds in Pennsylvania before any case had occurred under our limitation act, which gives twenty-one years; but it has been thought best not to depart from the twenty years. Twenty years then is the fixed period. It is the fixed limitation as to all debts, with the exception of trusts, which depend on other principles. It offered an insuperable defence to the debtor: one day beyond it is as much too late as one hundred years. The policy and justice from whence the presumption arises, are particularly applicable to judgments. We all know how often it occurs, that judgments remain without any entry of satisfaction, after the debt has been paid. This frequent occurrence has called for legislative interference, with respect to the lien of judgments limiting them to five years. This consideration recommends the adoption of the presumption as to judgments; for I am satisfied there are more cases of neglect to enter satisfaction when paid, than to cancel a bond when paid. The reasons, justice, policy, and convenience, are the same; and why should not the law be the same? I think it is, and has been so from a pretty early stage, and from the time consistency and form were given to chancery proceedings by that great founder of equity Lord Nottingham, and followed by the approbation of a no less celebrated chancellor, Lord PIardwicice. In Ch. Rep. 78, a bond of twenty-two years came to the hands of an executor, and forasmuch as the obligee, the testator, had lived till about seven or eight years past, and never demanded any interest, the chancellor considered the bond had been satisfied, and decreed the same to be delivered up; and if judgment was entered thereon, the same to be vacated. To this decree Mr. Francis has given the weight of a maxim in chancery. Fr. Max. in Eq. Max. 10, No. 5. This was long before the statute of Jlnne, for the ffcaendment of the law, which first gave the plea of solvit post •diem. Since that statute, as it would be a good defence at law, chancery has refused to order satisfaction to be entered, merely on presumption from length of time. But in Kemys v. Ruscomb, 2 Atk. 45, where a bill was brought against the representatives of a judgment creditor, for entering' satisfaction on a judgment of forty-two years’ standing, and presumed to have been paid from length of time, Lord Hardwicke dismissed the bill; for where a judgment is still standing out, and there is no satisfaction on the record, the court will not, merely upon the presumption from length of time, decree it to be satisfied, — especially where the statute for the amendment of the law, allows one to plead payment at law, as it is an old judgment. These cases are directly in point, and there is no dictum to the contrary to be found in the books. We may be assured of this, as, if there had been one, the industry of the counsel of the plaintiff in error would have brought it to light. If this presumption *21 rests on the assumption of payment from length of time, and the reason of that presumption is, that a man ,is always ready to enjoy his own, it applies universally to all debts. The cases in the South Carolina Reports show that there the presumption is applicable to judgments. Mr. Peake, in his Treatise on Evidence, a valuable book (greatly improved in the new edition published in this city by references to American decisions,) puts bonds and judgments on the same footing. “ Twenty years,” says the author, “ is presumption of payment of a bond, and the same rule applies to a scire facias for execution on a judgment.” Peake’s Evid. 481.
In the reason of the thing, and from authority, it appears to the court, that the presumption of payment existed in this case, unless it was repelled by some circumstances accounting for the delay.'
This brings us to the second head of inquiry, — If the delay to prosecute the judgment for more than twenty years has not been, accounted for, or any evidence given from circumstances to be left to a jury, from which they, might account for the forbearance, was it the duty of the court to submit it as an open question for the belief of the jury, as to the actual payment ? On this subject, I need only refer to the opinion of Judge Gibson, in Henderson v. Lewis, 9 Serg. & Rawle, 379: “The rule is in the nature of a statute of limitation, furnishing indeed not a legal bar, but a presumption of facts, and, though not conclusive, yet prima facie evidence of it; and therefore sufficient of itself to cast the burden of countervailing proof on the opposite party. Where less than ■twenty years have intervened, no legal presumption arises; and the case not being within the rule, is determined on all its circumstances: among which, the actual lapse of time, as it is of greater or less extent, will have a greater or less operation; and then it is a matter exclusively for the consideration of the jury. But where • the legal presumption arises, it would, besides rendering its application in most cases difficult and uncertain, change its very nature and destroy all analogy to the statute of limitations, from which it is derived. The presumption is not subject to the discretion of a jury; .they are bound, where it operates at all, to adopt it as satisfactory proof till the contrary appears.55.
Now, taking the whole charge of the presiding judge together, as it ought fairly to be taken, the court did so charge. If there had been any circumstances, any thing but the lapse of time to* charge the jury on, that should have been left to the jury; but where there was none, the presumption of law on that fact is, that tire judgment was satisfied. The court did no more, and, if they had done less, they would have committed an error. On the twenty years unexplained, there was nothing to leave to the jury: they had no belief to exercise on it: it is because there are no means of belief or disbelief, the presumption of the fact arises: the presumption holds the place of particular and individual belief. It *22 prevails, because the presumption of law is, that the obligor or eonuzor in that long time has lost his receipts and vouchers, or the witnesses who could prove the payment might be dead. The jury might not have believed, this court might not believe the fact of payment; but that specific belief is not necessary. For wise purposes the law has raised the general presumption. The laying down any other rule would be destroying all legal presumption. The position of the court below is justified by the opinion of all the judges in England, as in Grantwicke v. Simpson, 2 Atk. 144, it is said, “ that the judges have bound it down, as an irreversible rule, that if there be no demand for money due on a bond for twenty years, they will direct a jury to find it satisfied, from the presumption arising from length of time.”
The charge, therefore, is free from all error, unless some circumstances were given in evidence to repel this presumption. Without the existence of such circumstances, it was the duty of the court to direct the jury to find it satisfied. No such circumstance has been pointed out, unless it be the one which appears on the face of the record; that is, that one of the conuzors of this judgment had been defaulted on two nihils l’eturned. The court was not requested to give any opinion as to the effect of this against the administrators of the conuzors, who pleaded to issue; but if they had been requested to give any opinion on this, it should have been an opinion directly against the plaintiff. It was not a judgment where the defendant had notice to show cause why execution should not issue on the original judgment, when he had removed from the county; for when the sheriff returned, that he had nothing in his bailiwick whereby he could be summoned, this must have been so. It has not the effect of a judgment by confession; or where the party, being notified to show cause, declines it; this, as is contended, admits the fact. The reason of the presumption is, that payment was made and the vouchers lost. An acknowledgment by the party that it was not paid would repel that presumption; but here, how far a confession of judgment, or notice, or suffering judgment to go by one defendant, would affect the others, whose lands are intended to be reached by this proceeding, I am not called on to say. There is no such fact It is a fiction, when it is supposed that an absent unnotified debtor should bind his co-obligors, because he acknowledged that the debt was not paid, by not appearing to that proceeding of which he had no notice. This fiction would affect the interest of a third person. Fictions of law ought never to work injustice.
There are a variety of circumstances by which the presumption might have been repelled here; but the plaintiff did not attempt any explanation; such as insolvency of the obligors, or a state approaching to it, relationship of the parties, or the absence of the party who -has a right to receive the money due. It was the naked case of a judgment of more than twenty years’ standing, on which the pre *23 sumption attached with all its force, in which case it was the duty of the court to charge the jury, as they have done. The plaintiff in error has not sustained any of his exceptions, and the judgment stands affirmed.
Judgment affirmed.