No. 23.—HILLIARD J. BURT, plaintiff in error, *vs.* THOMAS J. CASEY, defendant in error.

[1.] A judgment is presumed to be paid after twenty years. This presumption may be rebutted.

Motion, in Muscogee Superior Court. Decision by Judge ALEXANDER, May Term, 1851.

The questions in this cause, arose upon a motion to distribute a fund raised by the Sheriff, by the sale of the property of John Duke.

Thomas J. Casey claimed under a judgment obtained 18th Nov. 1821, upon which an *alias fi. fa.* issued 28th March, 1849, by virtue of an order passed at September Term, 1839, of Putnam Superior Court, whence the original *fi. fa.* issued. Hilliard J. Burt, a younger judgment creditor, objected to the said *fi. fa.* claiming the fund, and tendered an *issue* on two grounds :

1st. That the judgment was dormant, under the Act of 1823, requiring an entry every seven years.

2d. That said judgment will be presumed to be paid off and

Burt *vs.* Casey.

satisfied; more than twenty years having elapsed between the date of the judgment, and the entry by the Sheriff.

The Court overruled both the grounds taken, and this decision is the error complained of.

B. HILL, represented by H. HOLT, for plaintiff.

JAMES WARREN, for defendant.

*By the Court.*—NISBET, J. delivering the opinion.

[1.] This judgment bears date before the Act of 1823, in relation to dormant judgments. The question is made in the record, whether it falls under the operation of that Act. That question we do not decide, as this case will be concluded by our judgment upon another assignment. It is apparent that no action has been taken on it, within twenty years from its date. It is, therefore, in our opinion, presumed to be paid, and cannot claim, in the distribution of this fund. Neither the Statute of Limitations in England, nor our own Acts of Limitation, prescribe a bar to domestic judgments. Our Act of 1805 limits foreign judgments. By the Act of 3*d and* 4*th Wit-liam IV.* a limitation is provided in England, within which judgments must be enforced. The term is twenty years (*Chitty on Contracts,* 7, *note G.*) Before that Act, and of course, when we adopted the Common Law, the Common Law rule was, that after twenty years, it shall be presumed that a judgment has been satisfied, in the absence of facts rebutting the inference. This rule obtains at Law and in Equity. It goes no farther than to annul the judgment, *prima facie.* The rule has no application, if it can be made to appear that the plaintiff has used diligence to enforce the judgment, or that the defendant has paid interest, or otherwise acknowledged it. As to judgments obtained since our Act of 1823, that Statute directs what shall be done to prevent their dormancy. It was claimed in the argument, that this rule of the Common Law has been repealed by the Act of 1811, which declares that executions shall be of full

force until satisfied, without being obliged to be renewed on the Court roll from year to year, as heretofore practised. *Prince*, 436. We differ from our ingenious young brother, Mr. Warren, in the construction of the Act of 1811. The object of that Act was alone to dispense with the yearly renewal of the execution on the Court roll. Before 1811, executions had vitality but for a year; by that Act, they are made vital until satisfied. The Act of 1811 does not relate to the judgment, but to the process by which it is enforced. The judgment remains subject to subsisting rules of law, one of which is, that it is presumed to be paid after 20 years. The Legislature did not intend to prolong indefinitely, the legal duration of slumbering judgments. If the word *satisfied*, can be extended to the judgment as well as the execution, *then* the difficulty is not removed. Actual payment is not the only satisfaction of a judgment. The law ordains it to be satisfied after 20 years, unless the inference of payment is rebutted by proof. We say, then, that if the Act of 1811 gives effect to judgments until *satisfied*, it cannot help the defendant in error; for this is, *prima facie*, paid, and it cannot claim until that presumption is removed. 14 *Serg. & Rawle*, 15. *Chitty on Con.* 7. 1 *Tidd's Pr.* 18. 1 *Stra.* 639. 2 *Mills' R.* 146. *Riley's L. C.* 293. 1 *Peere Wms. Rep.* 766. 1 *Knapp's R.* 228, '29. 2 *Young & Coll.* 662, 680. 2 *Story's Com. on Equity*, §1520.

Let the judgment be reversed.