Jackson
v.
Sackett.

JACKSON ex dem. Sackett and others, *vs.* SACKETT & RAYMOND.

Where *ejectment* is brought on a *mortgage* executed as collateral security for the payment of a sum of money secured to be paid by a *note* IT SEEMS, in analogy to the principle which authorises the presumption of the payment of a *bond*, after the lapse of *twenty* years without recognition of the debt, that the *note* may be presumed to be paid after the lapse of *six* years, without such recognition ; especially, if in addition to the lapse of time, there be other circumstances confirming the presumption, although such circumstances, *per se*, would not establish the fact of payment.

The presumption of payment arising from lapse of time is, however, but *evidence* to the jury, from which they *may* infer that the debt has been satisfied ; when entirely unexplained, the jury are bound to draw the conclusion, but where there are circumstances repelling the presumption, they must be submitted to the consideration of the jury, under the charge of the court.

A *note* referred to in a *defeasance* to a deed as specifying the amount of indebtedness, will be presumed to be an *unsealed note*, or simple contract, unless the contrary be shewn, especially when it is presumed to be in the possession of the creditor, and not produced.

The fact of an unsealed note being recognized by an instrument under seal, does not change its character, and give it the effect of a sealed instrument.

A *note*, although referred to in an instrument produced by the opposite party, cannot be read in evidence, without production of the subscribing witnesses, or accounting for their absence ; especially, where the note offered in evidence purports to be a *sealed note*, and the fact, whether sealed or not, has an important bearing upon the issue of the cause.

THIS was an action of ejectment, tried at the Tioga circuit, in June, 1829, before the Hon. SAMUEL NELSON, then one of circuit judges.

The lessors of the plaintiff are the children and heirs at law of Nathaniel Sackett ; the defendants are the widow and son-in-law of Richard Sackett. On the 10th of January, 1808, Richard Sackett, for the consideration of $3084, conveyed to Nathaniel Sackett 560 acres of land, the premises in question, by deed, containing covenants of seisin and warranty, which were duly acknowledged before a proper officer, on the 11th of February, 1808, and recorded in the county clerk's office in Tioga, on the 18th of April, 1811. The parties to the deed were brothers ; Richard, the grantor, was in possession of the property conveyed at the date of the conveyance, and continued in possession until his death, in 1827.

The defendants produced in evidence a *defeasance* executed by Nathaniel Sackett, bearing date 10th *February*, 1808, reciting that on that day Richard Sackett had conveyed to Nathaniel Sackett 560 acres of land ; and that the deed was given to secure the payment of a certain sum of money contained in a certain note given by Richard to Nathaniel, for the sum of $2405, dated 20th January 1804, and declaring that when Richard or his heirs, &c. should pay to Nathaniel or his heirs, &c. the said sum contained in the said note, with the interest due and to grow due thereon, the *deed* should be void. This instrument was acknowledged on the 11th February 1808, before the same officer who took the acknowledgment of the deed, and was recorded in the county clerk's office of Tioga on the 4th October, 1814. It was objected to as a defeasance, on account of variance ; the deed produced by the plaintiff bearing date in *January*, 1808, and that recited in the instrument being described as bearing date in *February*, 1808 ; but the objection was overruled, and the paper read in evidence. It also appeared that on the day preceding the recording of the deed, Richard and Nathaniel made a settlement, and that a writing was drawn up expressing the terms of such settlement, which was witnessed by a person present at the time, and who gave testimony on the trial of the cause. He testified that he understood the balance due from Richard to Nathaniel to be eleven or twelve hundred dollars ; that Nathaniel spoke of the debt due to him as a small sum, and that Richard could pay him in a short time, if he would drive his business; that Richard directed Nathaniel to sell a farm situate in Westchester county, and after satisfying a mortgage charged upon it, to apply the balance towards the debt owing to him ; that such farm was worth from 750 to 1000 dollars over and above the incumbrance charged upon it. He also stated that land lying in the *Lake* country was spoken of. The defendants, besides the defeasance, gave in evidence a deed of the half of lot No. 73, *Cincinnatus*, executed by *Richard Sackett* to *Nathaniel Sackett* and another person, bearing date 30th April, 1811 ; the consideration expressed in which was $680. It appeared that *Nathaniel Sackett* resided in the county of *Westchester* until his death, in 1811 or 1812; that

he left children, sons and daughters, and that at the time of his death his sons were all minors.

The counsel for the defendants contended that upon the evidence given, the plaintiff was not entitled to recover, or to have the cause submitted to the jury, because, 1st. The *note* mentioned in the defeasance was in judgment of law, to be deemed an *unsealed note,* or simple contract, and being the principal security, and the deed merely the incident, it was to be deemed paid, unless evidence was given of its recognition as a debt by Richard Sackett, or by the defendants, within six years before the commencement of the suit; and 2d. Admitting the note to have been a sealed instrument, from the lapse of time, connected with the evidence in the case, the demand of the lessors of the plaintiff was to be presumed paid and satisfied. The presiding judge decided that the plaintiff was not entitled to recover, or to go to the jury, without further proof. The plaintiff's counsel then offered in evidence a sealed note, or single bill, purporting to be executed by Richard Sackett, in the presence of two witnesses, bearing date 20th January, 1804, whereby the signer promised to pay Nathaniel Sackett $2405, with interest. The reading of the note in evidence was objected to, unless proved by one of the subscribing witnesses; no witness being called, and no evidence being given of the execution of the note, it was excluded by the judge. Whereupon the plaintiff submitted to a nonsuit, with leave to move to set the same aside.

*Ben Johnson & J. A Spencer,* for plaintiff.

*J. A. Collier,* for defendants.

*By the Court,* SUTHERLAND, J. The deed from Richard to Nathaniel Sackett for the premises in question, of the 10th January, 1808, although absolute in its terms, yet by virtue of the defeasance which Nathaniel executed at the same time, became, in judgment of law and the effect, only a mortgage. It is under the mortgage that the plaintiff seeks to recover. Although the defeasance purports to be dated on the 10th day of *February,* 1808, and refers to the deed, as of that date also, there can be no question that the deed of the 10th *January*

was the deed upon which it was intended to operate. The premises described in the conveyance are the same covered by that deed; and it is not pretended that any other deed was ever given by Richard to Nathaniel Sackett for that farm. It is obvious that it was a mere clerical mistake in inserting the month, either in the deed, or in the defeasance. The defeasance states that the deed was given to secure the payment of a certain sum of money contained in a certain note given by Richard to Nathaniel Sackett, for the sum of $2405, dated the 20th day of January, 1804, and provides that when the principal and interest of that note shall be paid, the deed shall become void, and of no effect. The rights of the parties in this suit, therefore, depend upon the question whether the note has, or has not been paid. If it has not, the mortgage is forfeited, and the plaintiff has a right to recover. If it has, the mortgage is extinguished, as it is a mere incident to the debt.

The counsel for the defendants contended at the circuit, that the note was, in judgment of law, to be deemed an *unsealed note*, or simple contract, and must be presumed to have been paid, unless some recognition or acknowledgement of it by the maker or the defendants, within six years before the commencement of the suit, was shown. *Secondly.* Admitting it to have been a sealed note, that it was, from the lapse of time, connected with the other evidence in the case, to be deemed paid, in judgment of law; and that in either view of the case, the plaintiff should be nonsuited.

The counsel for the plaintiff contended that they had a right to go to the jury upon question of payment; that it was a question of fact, and not of law. The presiding judge, however, decided that the plaintiff was not entitled to recover, or to go to the jury, without further proof, and granted the motion for a nonsuit.

I am inclined to think the note mentioned in the defeasance must be considered an *unsealed* note, or a simple contract. Such is the ordinary import of the term, and ought particularly to be considered, in a case like this, where the instrument itself is presumed to be in the hands, or under the control of the lessors of the plaintiff, who are the legal representatives of the person to whom it was given. They could probably re-

NEW-YORK.
May, 1831.

Jackson
v.
Sackett.

move all doubt upon the subject by producing the note itself, or if lost by giving secondary evidence of its contents and character. They contend that it has not been paid, and there is, therefore, no ground for supposing that it is, or ever has been in the possession of the defendant.

Considering it then as a simple contract, is it, in an action like this, to be presumed to have been paid, unless some acknowledement or recognition of it is shown within six years? Where an action is brought upon a note, or other simple contract, the lapse of time affords no defence to it, unless the statute of limitations is specially pleaded; it would be no ground of demurrer, that upon the face of the declaration the cause of action appeared to have accrued more than six years before the commencement of the suit; it is a strict statutory defence, and must be specially set up. So, in an action upon a specialty, if the bond appeared on the face of the declaration to have been given five and twenty or thirty years before suit brought, upon a demurrer to the declaration the plaintiff would recover. In such a case, (as the statute of limitations does not apply to it,) the defendant must plead payment, and set up the lapse of time as evidence in support of his plea. But in an action of ejectment there is no special pleading; no plea can be interposed which will give to the defendant the benefit of the statute of limitations, or of payment; but where the ejectment is founded on a mortgage, which was accompanied by a bond or note, it would be a complete defence to show that the bond or note was actually paid before the commencement of the suit, and the fact that more than twenty years had elapsed since the giving of the bond, or any acknowledgement of it, would be competent evidence of such payment, unless repelled, and defeat the action; 12 Johns. R. 242; 3 Johns. Ch. R. 135; 4 Cranch, 415; and I perceive no reason why the same principle should not be applied where the mortgage is given to secure a note. The principle is perfectly well established, that the mortgage is but an incident to the debt. It passes by an assignment of the bond or a transfer of the note, or other evidence of the debt; it cannot be separated from it, and payment of the debt, *per se*, annihilates the mortgage. If the mortgagee or his representatives had brought their action

upon the note in this case to recover the debt, a plea of the statute of limitations would have been a perfect defence, unless repelled. Why should they be permitted to deprive the defendants of the benefit of that statute, by varying the form of their action, and seeking to recover the land itself, which was pledged or mortgaged merely by way of security for the debt, and as an incident to it? The statute of limitations is founded in part, at least, perhaps I might say principally, upon the presumption ; of actual payment, and the difficulty of proving it, from lapse of time. 3 Wendell, 585. It appears to me that where the form of the action prevents the defendant from availing himself of the statute by way of plea, he should have the benefit of its principle, by being permitted to use the lapse of time, (which would be a complete defence under the statute,) as evidence of payment.

The analogy, in point of principle, between specialties and simple contract debts, in this respect, appears to me to be striking. In relation to specialties, a lapse of twenty years unexplained, it has been again and again decided, affords presumptive evidence of payment, and may be used for that purpose to support a plea of payment. And in an action of ejectment upon a mortgage accompanying such specialty, the same lapse of time may be used as evidence of payment, without plea, because the form of the action will not permit the plea to be interposed.

In relation to simple contracts the legislature have said that they shall be presumed to have been paid after six years, if the defendant will claim the benefit of the statute ; where he cannot plead the statute, it would seem to follow, from analogy to the other case, that he ought still to have the benefit of the same lapse of time, by way of evidence of payment. I find no express adjudication upon this point ; but it appears to me to result fairly from the well established principles to which I have adverted. The note, it will be recollected, was given in 1804; the deed and defeasance by way of mortgage, as security to the note, was given in 1810 ; in October 1814, the defeasance was recorded by Richard Sackett, the mortgagor. That, I should think, was *prima facie* an acknowledgment or recognition of the note as a subsisting demand at that time,

If the note had previously been actually paid, he would have been more likely to have obtained a reconveyance from his brother, than to have perfected the mortgage, after he had paid the debt. Under some circumstances it might have been expedient for him to have taken that course; but no such circumstances appear in this case.

But the presumption arising from lapse of time is but evidence to the jury, from which they may infer that the debt has been satisfied. Where it is entirely unexplained, they ought to draw that conclusion. But there is always something in the condition and relation of the parties, in the various circumstances which of necessity attend these and other business operations, which may fairly be taken into consideration by the jury, and render it proper that the question should be submitted to them, under such directions from the court as they may think called for by the circumstances of the case. And such is the general language of the authorities upon this subject. In *Oswald* v. *Legh*, 1 T. R. 270, Buller, justice says: " With regard to the rule of twenty years, where no demand has been made within that time, that is only a circumstance for the jury to found a presumption upon, and is, in itself, no legal bar. 1 Burr. 434. 4 id. 1963. 2 Ld. Raym. 1370. 2 Strange, 827. 3 Brown's Par. Cas. 536. 1 Ld. Raym. 652 638. 1 Black. R. 532. 8 Mod. 278. 3 P. Wms. 288. 6 Mod. 22. Cowp. 102, 217. In *Darwin* v. *Upton*, stated in 2 Saund. 175, b, the opinions of Lord Mansfield, Wiles, Buller, Ashurst and Gould, justices, are very clearly expressed upon this subject. It appears to have been an action on the case, for obstructing the plaintiff's lights, who proved an uninterrupted possession of them for twenty-five years. The plaintiff had a verdict, and the defendant moved for a new trial, on the ground that the judge did not leave the question to the jury as a matter of fact, but treated the twenty-five years possession as conferring the right, or matter of law. Lord Mansfield observed that he thought there must be some mistake in the statement of what passed at the trial; that the enjoyment of lights, with the defendant's acquiescence, for twenty years' is such decisive presumption of right, by grant, or otherwise, that unless contradicted or explained, *the jury ought to believe it.* But it is im-

possible that length of time can be said to be an absolute bar, like a statute of limitation. It is certainly *a presumptive bar, which ought to go to a jury.* "Thus, in the case of a bond," he continues, "there is no statute of limitations that bars an action upon it; but there is a time *when a jury may* presume the debt to be discharged, as if no interest appears to have been paid for sixteen or twenty years. Time immemorial itself is only *presumptive evidence.*" The other judges expressed substantially the same views ; and Mr. Justice Gould, before whom the cause was tried, said, that h e never had an idea but that it was a question for the jury, and should have left it to the jury, if the counsel for the defendant had asked it. Other cases to the same effect are collected in this note. See also 1 Phil. Ev. 119 to 123, 127. The case of *Holecoft* v. *Heel,* 1 Bos. & Pull, 400, (as explained by Le Blanc, who was counsel in the cause in *Campbell* v. *Wilson,* 3 East, 298,) is a very strong case upon this point ; as is also the case itself, in 3 East, 298, 302. The authorities in our own courts sustain the same doctrine. 10 Johns. R. 416. 7 id. 556. 16 id. 214. 17 id. 182.

There are some circumstances in this case which might legitimately have an influence with a jury, in repelling the presuption arising from lapse of time. Nathaniel and Richard Sacket were brothers. The mortgagee lived in Westchester, and the mortgagor in Tioga county, remote from each other. The mortgagee died in 1811 or 1812, two years after the giving of the mortgage, leaving infant children. The existence of the debt was recognized by the mortgagor in 1814, by recording the defeasance. The deed to Nathaniel was absolute, nothing appearing upon its face to apprise his representatives that it had any connection with note, or that any defeasance accompanied it. There appear to have been other transactions between the parties, which may have essentially reduced the face of the note, and rendered it less surprising that its payment should not have been enforced or called for. I do not say what weight these circumstances would be entitled to, but I think the whole question ought, in a case like this, to have been left to the jury.

Though the note was secured by a mortgage, if it was not a sealed note, it still remained a simple contract ; its being

recognized by an instrument under seal would not change its character. *Clarke* v. *Tiger*, 2 Starkie's R. 234. 3 Com. Law R. 330, S. C. We have held that there is no implied covenant in a mortgage to pay a mortgage debt, upon which an action can be maintained. The character of the debt depends upon a nature of the security which is given as the evidence of it; if that is a simple contract, the fact that real estate is pledged as collateral security for its payment by way of mortgage, cannot render it a specialty.

It was asked by the counsel for the plaintiff whether the defendants could in any manner have availed themselves of the lapse of time in this case, if the plaintiffs had endeavored to enforce their mortgage by way of foreclosure. Probably they might, by alleging payment of the mortgage debt in their answer, if the foreclosure were in chancery, and using the lapse of time as evidence of the payment. If it were under the statute, they might file their bill, and allege the same fact, and support it by the same evidence. The effect of the evidence, I apprehend, would be the same in chancery as at law.

Perhaps I have stated the rule too strongly, that in a case like this, payment may be presumed from the mere fact that more than six years have elapsed without any recognition of the debt, and that other circumstances should be shown in confirmation of that presumption, in order to justify a jury in finding the fact of payment; but I am, at all events, strongly of the opinion that such lapse of time may fairly and properly be taken into consideration by the jury, and may be decisive in connection with other circumstances, where those circumstances in themself would not establish the fact of payment.

The note offered in evidence by the plaintiff's counsel was properly excluded; although the action was not founded upon it, it was a very important piece of evidence, and it was proper that it should have been proved by one of the subscribing witnesses, as they alone would know whether it was under seal when it was given.

I think the evidence in this case should have been submitted to the jury, and that the plaintiffs were improperly nonsuited.