HEYER and others, executors, &c. *vs.* PRUYN and others.

Where the purchaser of a farm, which was subject to a prior mortgage, given by the former owner thereof, and duly recorded, had within twenty years previous to the filing of the complainants' bill to foreclose the mortgage, recognized the existence of such mortgage as a valid and subsisting incumbrance upon the premises; *Held*, that neither such purchaser, nor those who had derived their titles to the premises under him subsequent to such recognition, could set up the statute of limitations in bar of the suit; although the mortgage had been due for more than twenty years.

A purchaser of mortgaged premises, who, at the time of his purchase, has either actual notice of the mortgage, or constructive notice thereof by means of the registry, is bound by a previous acknowledgment of the person under whom he claims, of the existence of the indebtedness, within twenty years.

Where a mortgage upon real estate is given to secure the payment of a note, or other simple contract debt, the remedy of the mortgagee against the land will not be barred by lapse of time short of twenty years; although the statute of limitations might have been pleaded in bar to a suit upon the note, at the expiration of six years from the time when it became due.

By a sale of the equity of redemption upon execution, the mortgaged premises become in equity the primary fund for the payment of the mortgage debt, and the personal liability of the mortgagor to pay the debt becomes separated from the ownership of the land, and from the remedy upon the mortgage against the land. And a judgment in favor of the mortgagor in a suit brought upon the bond, after such sale, could not be pleaded by the purchaser of the mortgaged premises, by way of estoppel, in bar of a suit to foreclose the mortgage.

THE bill in this case was filed to foreclose a mortgage given by the defendant Arent Pruyn to Isaac Heyer, the complainants' testator, in July, 1809, to secure the payment of $1006 32, with interest thereon, the one half at the expiration of one year from the date of the bond and mortgage and the residue in six months thereafter; which mortgage was duly proved and recorded in Columbia county, where the mortgaged premises were situated, a few days after its date. Pruyn the mortgagor suffered the bill to be taken as confessed against him. But the other defendants, P. J. Merick, J. Lape and J. P. Merick, who were made parties to the suit as having or claiming an interest in the mortgaged premises as subsequent purchasers or incum-

1839.

Heyer
v.
Pruyn.

brancers, put in answers to the bill. In their answers they insisted, among other things, that they were bona fide purchasers and incumbrancers without any actual notice of the existence of the mortgage. And they averred that if any payments had been made upon the bond and mortgage within twenty years before the commencement of the suit, of which they denied any personal knowledge, such payments had not been made by the mortgagor or by the owners of the mortgaged premises, nor with their knowledge or assent. They therefore insisted that the mortgage must as against them be presumed to be satisfied. Other matters were also set up in the answers of these defendants, as equitable defences against the lien of the mortgage. The cause was heard before the vice chancellor of the second circuit, upon pleadings and proofs. He decided against the defence set up by the defendants, and decreed a foreclosure and sale of the mortgaged premises to satisfy the amount due on the bond and mortgage. From this decree the defendants who had answered appealed to the chancellor.

*K. Miller & S. Stevens,* for the appellants. The lapse of time raises the presumption that the mortgage is paid and bars the complainants' right to a foreclosure ; more than twenty years having elapsed after the last payment became due before the filing of the bill. The payments by Henry L. Van Dyck were made by him when he was neither mortgagor nor owner of the mortgaged premises, and are not sufficient to rebut the presumption as against the defendants who were purchasers thereof for a full consideration and by deeds with warranty. (*Park* v. *Peck*, 1 *Paige*, 477. *Whittick* v. *Kane*, 1 *John. R.* 202.) The agreement and arrangement made between Van Dyck and Heyer the mortgagee, in May, 1834, and their subsequent arrangements shew that the mortgagee agreed to look to Van Dyck alone for payment ; and ought to operate as a release of the mortgaged premises in the hands of innocent and bona fide purchasers. At all events the full amount of the note of Lawrence Van Dyck, jun. ought to be credited on the mortgage, with interest from the date of the note. The defend-

ants being purchasers for a valuable consideration, and without actual notice, they are entitled to costs.

*W. H. Tobey,* for the respondents. The mortgage having been recorded, the defendants had constructive notice of its existence, which is here sufficient for our purpose. The defendants deriving title under Van Dyck, can be in no better situation than he would be, and he had not only constructive but actual notice. Not only had Van Dyck actual notice of the mortgage, but he acknowledged its existence and force when he owned the farm; and within twenty years. It follows that the doctrines of presumption of payment arising from the lapse of twenty years, cannot apply to this case. If twenty years had elapsed, there still would be circumstances enough in this case to repel the presumption of payment. Henry L. Van Dyck was a party in interest, and any payments or acknowledgments made by him would revive the debt, and his acts are binding on those claiming under him. The arrangement between Heyer and Van Dyck, did not affect the mortgage debt nor its lien. The note of Lawrence Van Dyck, jun. is not chargeable to the complainants beyond the sums endorsed. (1 *John.* 139. 3 *John. Cas.* 229. 7 *John. Ch.* 57. 12 *Ves.* 264. 19 *Id.* 196. 17 *Serg. & Rawle,* 54. 6 *Cowen,* 403. 10 *John.* 381. 2 *Stra.* 826. 2 *Ld. Ray.* 1370. 1 *Phil. Ev.* 156. *Cowp.* 109. 1 *Star.* 101. 2 *R. S.* 301, § 48. 7 *John.* 434.)

THE CHANCELLOR. There is very little dispute as to the real facts in this case. Shaver who purchased the mortgaged premises in October, 1813, had no notice of the existence of this mortgage except the legal constructive notice arising from the registry thereof. And these defendants were equally ignorant of the actual existence of such an incumbrance upon the premises, at the time their several rights and interests therein accrued. But as this suit was commenced in January, 1832, which was but a little more than eighteen years after the conveyance to Shaver, the defendants are not entitled to protection by lapse of time if

this bond and mortgage had been recognized by Van Dyke, the former owner of the premises, as a valid and subsisting incumbrance thereon, previous to his conveyance to Shaver, and within twenty years before the commencement of this suit. Whether the payment of the $500 by Van Dyke, in May, 1814, which does not appear to have been authorized or sanctioned either by the mortgagor or by the then owner of the premises, would be sufficient to rebut the presumption of payment in favor of Shaver and those claiming under him, and to preserve the lien of the mortgage for twenty years from that time, is a question which it is not necessary to decide here. It may be remarked, however, that at the time of that payment Van Dyke was not a mere volunteer. Neither was there a want of privity between him and the owner of the land in relation to that payment. For by his covenants in the deed to Shaver he was bound to pay off the mortgage, so as to protect the premises from the lien thereof. And those covenants would run with the land into whosever hands it might come by assignment from Shaver, so as to create a similar privity between Van Dyke and them in relation to the payment of this mortgage.

It appears by the pleadings and proofs that, subsequent to the giving of this mortgage, Pruyn the mortgagor failed in business and became insolvent, and that in September, 1812, there were several judgments against him, and other incumbrances upon the mortgaged premises, some of which judgments and incumbrances were older and some younger than the mortgage to Heyer. An arrangement was then made by H. L. Van Dyke, who owned the junior judgment, and the other incumbrancers, except Heyer who lived in New-York and knew nothing of that arrangement at that time, by which it was agreed that Van Dyke should bid in the premises under the youngest judgment, subject to the prior incumbrances thereon; and that the other creditors should wait upon him five years, if necessary, for the payment of their respective claims, to enable him to sell the property and obtain the payment of the purchase money in the meantime. This arrangement was carried into effect, by a sale of the premises by the sheriff to Van Dyke, on

the 28th of September, 1812 ; and the appellants claim title to the premises under that sale. At the time when that arrangement was made a statement of all the judgments and other incumbrances upon the property was made out, and Heyer's mortgage was included therein, for the whole amount of principal and interest from its date, as a valid and subsisting incumbrance upon the premises. This was therefore a distinct recognition, by Van Dyke the purchaser, of the existence of that bond and mortgage as a valid lien upon the premises in September, 1812. And if he had continued the owner of the mortgaged premises until the commencement of this suit, in January, 1832, it is evident that he could not have set up lapse of time as a bar to the complainants' suit, even if there had been no subsequent payment on the bond and mortgage, nor any recognition of the same as a subsisting debt. The defendants, therefore, claiming through the conveyance from Van Dyke to Shaver, sit in the seat of the grantor in that conveyance, and are bound by his previous recognition of the mortgage as a subsisting incumbrance upon the premises within twenty years. In the case of *Hughes* v. *Edwards*, (9 *Wheat. Rep.* 490,) the supreme court of the United States held that purchasers from the mortgagor who had either actual notice of the mortgage at the time of their purchases, or had constructive notice by means of the registry, were bound by a previous acknowledgment of the person under whom they claimed of the existence of the indebtedness within twenty years.

Neither is the lien of the mortgage gone because there is no proof of an admission or recognition of Pruyn the mortgagor of his indebtedness within twenty years. If a formal admission of his continuing liability on the bond were necessary in this case, we have it by his suffering the bill to be taken as confessed against him ; which entitles the complainants to a decree against him personally for the deficiency, if the mortgaged premises should be insufficient to pay the debt and costs. It is not necessary, however, to show that the personal liability of the mortgagor still continues ; for the lien of the mortgage would not be impaired even by an absolute discharge of the mortgagor under the

insolvent act. The intimation of an opinion by Mr. Justice Sutherland, in *Jackson* v. *Sackett*, (7 *Wend. Rep.* 94,) that a mortgage to secure a simple contract debt was presumed to be paid in six years, because the statute of limitations might at the expiration of that time be pleaded to a suit on the note, certainly cannot be law. At least such a principle cannot apply to a case like this, where the real security upon the land is separated from the personal responsibility of the mortgagor by a sale of the equity of redemption upon execution. While the party who is personally liable for the debt continues to be the absolute owner of the equity of redemption in the mortgaged premises, a judgment in his favor which would be an absolute bar to any recovery against him for the debt, on the ground of payment or usury, &c. might also, as an estoppel, bar a suit against him to obtain satisfaction of the debt out of the mortgaged premises. But where the personal liability of the mortgagor has been separated from the ownership of the land, a recovery against the mortgagor upon his bond, after such separation, would not estop the owner of the land from showing that the mortgage was paid. And as estoppels must be mutual, a judgment in favor of the mortgagor, in a suit instituted upon his bond, after his equity of redemption in the land had been sold by the sheriff, could not be pleaded by the purchaser in bar to a bill to foreclose the mortgage. Here the mortgaged premises constituted in equity the primary fund for the payment of the debt; as the purchaser at the sheriff's sale took the land subject to the specific lien of this prior mortgage thereon. (*Tice* v. *Annin*, 2 *John. Ch. Rep.* 128.) The recognition of the existence of the incumbrance, therefore, by the party who was in equity bound to apply the funds in his hands to pay off the mortgage, should, as against him and those claiming under him by the subsequent conveyance, be considered of the same force as a recognition by the mortgagor himself.

There was nothing inequitable in the arrangement with Heyer, in May, 1814, by which a part of the purchase money received from Shaver was applied towards Colonel Van Vleck's judgment instead of being paid on the mort-

gage. As both were incumbrances upon the premises in the hands of the purchaser, it was perfectly immaterial to him which was paid first. Whether the money was applied to satisfy the judgment or the mortgage, the amount of the incumbrances on the property remaining unpaid would be precisely the same.

The note of L. Van Dyck does not appear to have been lost by any negligence on the part of Heyer. It was not endorsed over to him, so as to enable him to collect it in his own name if it was not voluntarily paid. And he had no directions to sue it in the name of Doctor Van Dyck from whom he received it. It was for the interest of these defendants that Heyer should retain that note, and should endeavor to get the money thereon from the assignees and apply it in payment of the mortgage, instead of delivering the note up to H. L. Van Dyck, who might have used the money for other purposes.

For these reasons I do not see any ground for differing from the vice chancellor in the conclusion at which he arrived in this case. And the decree appealed from must therefore be affirmed with costs.