## PRATT *vs.* HUGGINS.

```
29   277
57h  559
29   277
128a 299
29b  277
153a 325
```

A debt secured by a sealed mortgage, and an unsealed note instead of a bond, may be enforced by a foreclosure of the mortgage, after the expiration of six but before the expiration of twenty years from the time when the debt became due.

The lapse of six years since the maturity of the note, without any subsequent recognition or acknowledgment of the debt, is not conclusive evidence that the mortgage has been paid.

The provision of the statute of limitations, making the lapse of six years a bar, in such a case, is in terms confined to an action *at law* on the *note ;* and does not operate to defeat a remedy on the *mortgage,* by which a court of equity cuts off the equity of redemption.

THIS was an action to foreclose a mortgage upon premises in Greene county, dated February 5, 1835, executed and delivered by the defendant, William T. Huggins, to Joseph Huggins, to secure the sum of $250, payable on the 1st of February, 1836, and assigned by the latter to the plaintiff, on the 14th of March, 1836. The mortgage was on the same day acknowledged, and on the 9th day of February recorded in the clerk's office of the county of Greene. Cotemporaneously with the mortgage, and to secure the same debt, Wil-

Pratt *v.* Huggins.

liam T. Huggins executed and delivered to said Joseph Huggins a promissory note of like date, amount and time of payment as the mortgage, and payable to Joseph Huggins or bearer. The mortgage was under seal, and the note was not under seal. The defendants, among other things, averred that the note was paid and satisfied, and also that the note (and consequently the mortgage) was barred by the statute of limitations, by the failure to commence an action thereon within six years after the cause of action accrued. The action was commenced on the 6th day of September, 1855. The cause was tried by the Hon. DEODATUS WRIGHT, then a justice of the supreme court, without a jury, at a circuit court held in the county of Greene, in November, 1857. Evidence was given tending to show the consideration and object of the bond and mortgage, and on the part of the defendants, to show that they were satisfied and paid ; and on the part of the plaintiff, that an unpaid amount of about $70 remained due thereon. The justice came to a conclusion favorable to the plaintiff on the latter point, he finding that a portion of the amount secured by the mortgage was still due and unpaid ; but holding, also, that the right to recover was barred by the statute of limitations, he gave judgment for the defendants, with costs ; from which judgment the plaintiff, having duly excepted to the rulings of the judge, appealed to the general term. The remaining facts, so far as they are material, sufficiently appear in the opinions which follow.

*King & Mattoon,* for the appellant. I. The cause of action having accrued prior to the adoption of the code, the law limiting actions, as it existed before the code, governs the case. (*Code,* § 73.) Actions on sealed instruments are barred after twenty years. (2 *R. S. p.* 398, § 48, 3*d ed.*) On instruments not under seal, after six years. (*Id.* 394, § 18.)

II. The mortgage is signed by the defendant, William T. Huggins. It provides for the payment of the money on the same terms named in the note, and secures its payment by a

conveyance of the land. Therefore the note should be deemed the same as if incorporated in the mortgage, and a part of it, and the right of action against both the person and the land follows the sealed mortgage. The seal on the mortgage repels the presumption that the note is paid.

III. If the plaintiff's remedy against the person, on the note is gone, certainly his remedy against the land remains. The mortgage gives a perfect remedy against the land for the moneys secured by it, and being under seal, the plaintiff's action on it is not barred till after twenty years. This view is sustained by the supreme court of the United States, and in every state where the question has arisen, except in 7 *Wend.* 94. " Where a deed of trust was executed to secure the payment of certain notes, and a judgment obtained on the notes, the judgment did not operate as an extinguishment of the right of the holders of the note to call for the execution of the trust, although the act of limitation might apply to the judgment." (*Bank of Metropolis* v. *Guttschlick*, 14 *Peters*, 19. *Also Eastman* v. *Foster*, 8 *Metc.* 535. 2 *Cox's Ch. Cas.* 125. 2 *Hilliard on Mort.* 21.) In the case of a mortgage of real estate to secure the payment of a promissory note, although the note be barred by the statute of limitations, yet if it has not been paid, the mortgagee has his remedy on the mortgage. (*Thayer* v. *Mann*, 19 *Pick.* 535. *Also see cases cited in this last case.*) The general rule, that a discharge of the debt discharges the mortgage deed by which it is secured, does not apply where the debt is merely barred by the statute of limitations. (*Bush* v. *Cooper*, 26 *Miss.* (4 *Cush.*) 599. *Also* 14 *B. Monroe's R.* (*Ky.*) 307.)

IV. The presumption of payment from lapse of time, is not a fixed or universal presumption. It cannot be used as the foundation of an action. (*Morey* v. *Farmers' Loan and Trust Co.*, 14 *N. Y. R.* 302.) It yields to a legal lien upon lands, as in the case of a docketed justice's judgment under the law prior to 1848. (*Waltermire* v. *Westover*, 14 *N. Y. R.* 16.) The case of *Jackson* v. *Sackett* (7 *Wend.* 94) was repudiated

as an authority by Chancellor Walworth, in *Heyer* v. *Pruyn,*
(7 *Paige,* 465.)

V. Though the holder of a bond and mortgage discharge
the mortgagor from his personal liability on the bond, the
remedy remains perfect against the land, under the mortgage.
What greater effect can the statute of limitations have, than
discharge the remedy on the note and leave it perfect on a
sealed mortgage?    Suppose a note and bond be given by the
same person for the same debt, and executed at the same
time, and more than six years elapse after the right of action
accrues on the note, how could the presumption that the note
was paid, work a presumption that the sealed bond was also
paid?    The maker of the note and mortgage in this case
fixed the time within which the right of action on each of
them could be enforced.

*D. K. Olney,* for the defendants.    I. There is not a particle
of evidence to show that the defendant has recognized the
note or mortgage since the tranfer thereof to the plaintiff,
in March, 1836, between nineteen and twenty years after
the note and mortgage purport to have become due.    The
answers set up payment, and the statute of limitations; also
that the note and mortgage were executed to secure Joseph
Huggins for a contingent liability on which he never had any
thing to pay.    The statute of limitations is an available an-
swer in equity as well as at law.    (*Lansing* v. *Starr,* 2 *John.
Ch.* 150.)    *Kane* v. *Bloodgood,* 7 *id.* 90.    *Rosevelt* v. *Mark,*
6 *id.* 266.    *Souzer* v. *De Meyer,* 2 *Paige,* 575.    *Bedford* v.
*Brady,* 10 *Yerger,* 350.    *Walker* v. *Smith,* 8 *id.* 238.)

II. The principal instrument, the note, cannot be enforced,
and the mortgage being collateral and incident to it, must fail
with the note.    Until foreclosure, or at least until possession
taken, the mortgage remains in the light of a chose in action.
It is but an *incident* attached to the debt, and in reason and
propriety it cannot and ought not to be detached from its
principal.    The mortgage interest, as distinct from the debt,

is not a fit subject of assignment. It has no determinate value. If it should be assigned, the assignee must hold the interest at the will and disposal of the creditor who holds the bond. (*Jackson* v. *Willard*, 4 *John.* 41, 43.) The debt is the principal, and the mortgage but an accessory, which cannot exist as an independent debt. (*Jackson* v. *Blodget*, 5 *Cowen*, 202. *Green* v. *Hart*, 1 *John.* 580.) Payment of the debt is an extinguishment of the mortgage. (4 *John.* above cited. *Lane* v. *Shears*, 1 *Wend.* 433, 437.) The above cases hold that the mortgage is a mere incident to the note or debt, and that a discharge of the debt, even by parol, is considered as a discharge of the mortgage. Where ejectment is brought on a *mortgage* executed as collateral security for the payment of a sum of money secured to be paid by a note, it seems, in analogy to the principle which authorizes the presumption of payment after the lapse of twenty years without recognition of the debt, that the note may be presumed to be paid after the lapse of six years without such recognition. (*Jackson ex dem. Sackett* v. *Sackett*, 7 *Wend.* 94.) The fact that more than 20 years *had elapsed* since the giving of the bond or any acknowledgment of it, would be competent evidence of such payment, unless repelled, and defeat the action. (12 *John.* 242. 3 *John. Ch.* 135. 4 *Cranch*, 415.) And I perceive no reason why the same principle should not be applied where the mortgage is given to secure a note. The principle is perfectly well established, *that the mortgage is but an incident* to the debt. (7 *Wend.* 98, *per Sutherland, J.*) And the payment of the debt *per se* annihilates the mortgage. Here it is held that the debt is to be presumed to be paid.

III. If the land has been conveyed by the mortgagor to a third person subject to the mortgage, which the purchaser agrees to pay, in such case the land becomes the primary fund with which to pay the mortgage. Hence the distinction between the cases in 7 *Wend.* 94, above, and the case of *Heyer* v. *Pruyn*, (7 *Paige*, 470.) In the latter case the mortgaged premises had been conveyed, subject to the mortgage, and had

by that means become the primary fund. The remarks of the chancellor, intimating a different doctrine than that contained in 7 *Wendell*, were unnecessary to the decision of the case, on account of the above distinction. This distinction runs through all the cases. (*McKinstry* v. *Curtis*, 10 *Paige*, 503. *Russell* v. *Allen and others*, *id.* 249. *Vanderkemp and Van Hall* v. *Shelton*, 11 *id.* 28.) Where the land is expressly conveyed, subject to the mortgage therein, the land is the primary fund, as between the grantor and grantee, and those deriving title from the grantee for the payment of the mortgage debt. (*Jumel* v. *Jumel*, 7 *Paige* 591. *Willard's Eq. Jur.* 453.) But if no equitable circumstances intervene, the *debt* is considered the *principal*, and the mortgage the security. (*Willard's Eq. Jur.* 453.) In this case there is no evidence showing any acknowledgment of the debt or the payment of any part of the principal or interest, or *promise* to pay, for nearly 20 years. The presumptive bar has not been repelled. The statute is a bar to the plaintiff's right to recover on the note. By analogy to the statute of limitations barring a right of entry after 20 years' enjoyment, a possession of that length of time by the mortgagee, without account or acknowledgment, forms a presumptive bar to the equity of redemption. (*Cowen & Hill's Notes to Phil. Ev.* 319.)

HOGEBOOM, J. The facts of this case lie within a narrow compass. The plaintiff, by action commenced in 1855, seeks to foreclose a mortgage under seal, executed in 1835, for a debt falling due in 1836, which mortgage was accompanied by a promissory (unsealed) note to secure the same debt. The mortgage contains no *covenant* to pay, but the condition is that the instrument shall be void, if the above sum, with interest, is paid on the 1st of February, 1836, "in the manner particularly specified in the condition of his (the mortgagor's) certain bond or obligation bearing even date herewith." The mortgage was duly acknowledged and recorded. The answers interposed several defenses; and among others, the defense

of payment; and that the plaintiff's cause of action was barred by the statute of limitations, in consequence of its not accruing within six years before suit brought. The justice before whom the cause was tried, without a jury, came to the conclusion, upon the evidence, that there was an unpaid balance due on the note, and that he should have given judgment for the plaintiff, but for the fact that more than six years had elapsed since the said note became due, and the cause of action thereon accrued prior to the commencement of this suit; and for that reason he gave judgment for the defendants. The case therefore presents the question, whether a debt secured by a sealed mortgage and an unsealed note can be enforced by a foreclosure of the mortgage, after the expiration of six but before the expiration of twenty years from the time when the debt became due. As has been said, there is no covenant in the mortgage to pay the debt; but at the same time the debt, its amount and the time of payment, are specified in the mortgage; and it is provided that in case "default shall be made in the payment of all or any part of the said principal sum of two hundred and fifty dollars, or the interest thereof, at the time or times when the same ought to be paid as aforesaid, that then, and in such case," the mortgagee may sell and dispose of the premises, &c. The true question, therefore, would seem to be, has the mortgage been *paid?* or, rather, in this case, is the lapse of six years since the maturity of the note, without any subsequent recognition or acknowledgment of the debt, *conclusive* evidence of payment? The justice trying the cause has come to the conclusion, upon the evidence, that a part of the debt is actually unpaid. Is there a legal *bar* to giving effect to that conclusion by rendering judgment for the plaintiff, in consequence of the lapse of time before mentioned. If this is substantially an action upon the note, then it is barred, for it is an action upon simple contract, and must be brought within six years. (*Code,* § 90.) And the plaintiff in such case fails, not because the debt is in fact shown to be paid, but because the law forbids

the action.  The *remedy* is taken away.  But this is not in terms or effect an action upon the *note*.  The mortgage would be good without the note.  If there had been no note, but only the evidence of the debt recognized in the mortgage, is there any doubt that the mortgage could have been enforced after the debt became due, and for twenty years afterwards ? The only question would be, was there a debt remaining unpaid —a security upon real estate—and was the lien enforced during the period that the law gives it legal existence.  The additional recognition of the debt, in the shape of a promissory note, ought not to detract from its force.  It is said that the note is the *principal,* and the mortgage only the *incident;* that is, that it is given only as a security for the note.  In a certain sense, this is true.  But in fact the *debt* itself is the principal thing, and the note is one form of *security* for, or evidence of, the debt, and the mortgage another.  Suppose the mortgage contained a covenant to pay the debt, would it be any the less the principal thing than the note ?  True, the note (if negotiable) would have some facilities for an easy transfer, and might be negotiated independent of the mortgage.  If so transferred, it would in law carry the mortgage with it, and so would the mortgage carry the note with it. The payment of either would be the payment of the other, except so far as a *bona fide* holder of the note for value is concerned, who might, under the law applicable to commercial paper, be protected.  It is said that the note, from the lapse of time, is presumed to be paid.  Not altogether so ; for the law allows a suit upon it, and a recovery, unless the statute of limitations is pleaded.  It is therefore, at most, but a presumption ; suffered to be overthrown, it is true, only in one way, and that is, by proof of payment thereon, or recognition thereof, in the way pointed out in the statute.  This, however, as before stated, only acts upon the remedy.  It is an arbitrary and an artificial rule, not to be carried, I think, beyond the well-defined limits of the statute itself.  The case of *Jackson* v. *Sackett,* (7 *Wend.* 94,) is much relied on as deci-

sive authority in support of the bar. That was ejectment upon a forfeited mortgage, secured also by a note. The tenor of Mr. Justice Sutherland's able opinion is towards regarding the lapse of six years, unexplained, as sufficient evidence of payment. But he held that the bar was not absolute, and that circumstances tending to show that the note was unpaid were proper for the consideration of the jury, and a new trial was in fact granted for withdrawing the case from the jury. We are not precisely apprised by the case at bar what circumstances here exist; but we are told in the case itself that the plaintiff gave evidence "tending to show that there was due upon the mortgage about the sum of $70; that no part of the said sum, or the interest thereon, had been paid." And the judge also says, "I am entirely satisfied from the evidence that there is an unpaid balance due on the note, and should have decided in the plaintiff's favor, except for the legal bar above stated." The late chancellor (Walworth) doubts, and even denies, the authority of the last cited case, in *Heyer* v. *Pruyn*, (7 *Paige*, 465,) and goes so far as to say that it "cannot be law." The cases in Massachusetts and Connecticut, and one in Kentucky, hold that notwithstanding that "the note may be barred by the statute of limitations, yet if it has not been paid, the mortgagee has his remedy on the mortgage." (*Thayer* v. *Mann*, 19 *Pick.* 535. *Bush* v. *Cooper*, 26 *Mass.* (4 *Cush.*) 599. *Eastman* v. *Foster*, 8 *Metc.* 535. *Baldwin* v. *Norton*, 2 *Conn.* 163. 14 *B. Monroe (Kentucky)* 307. See also 2 *Cox's Chancery Cases*, 125; *Spears* v. *Hartly*, 3 *Esp. R.* 81, 2; *Hilliard on Mortgages*, 21, 22.) The case of the *Bank of the Metropolis* v. *Guttschlick*, (14 *Peters*, 19,) declares a kindred and nearly analogous principle. The case of *Waltermire* v. *Westover* (14 *N. Y. R.* 16) has also, particularly in the reasoning of Mr. Justice Selden, some bearing upon the present case. In that case the lien of a justice's judgment, which according to the statute would be barred after six years for the purpose of bringing an action thereon, was, when a transcript was filed in the county clerk's

office, recognized as of equal validity and duration with that of a judgment originally entered in the common pleas, and extended to ten years as against subsequent creditors. It is true, much stress was laid upon the language of the statute giving such a judgment the same force and *effect* as a judgment of the common pleas, but much stress was also laid upon the fact that there was nothing to prevent the enforcement of such a lien, except the language of the law of limitations; and it was considered that that language might be appropriately limited to cases directly within its terms; that there was reason for saying that the debt still remained, notwithstanding the statute had cut off the *remedy* when resorted to in the shape of an action. A distinction was drawn between the institution of a suit upon the justice's judgment and the enforcement of it as a lien upon real estate; and I think here a distinction may be drawn between an action upon the note for the purpose of enforcing a personal liability, and an action upon the mortgage for the purpose of enforcing the lien upon the real estate. This question, in this state, may be said to be nearly *res nova,* and I feel authorized to follow the weight of judicial authority elsewhere, resting as I think it does upon principle, especially as the case in *7th Wendell* is not directly hostile to the rule here suggested. The judgment should be reversed, and a new trial granted, with costs to abide the event.

GOULD, J. At the December term, 1858, this case was submitted upon briefs, without oral argument. And on that submission I wrote this brief opinion:

The mortgage is defeasible *on condition* that $250 be paid. The statute of limitations effects not the *right to the money,* but the *remedy* therefor. It says to the creditor, not " you are paid;" but, " you cannot call on a court of law to *enforce payment."* And the defense in this case is, not that the mortgagor has complied with the condition; but that, if he were sued *at law on the note,* the statute of limitations could

be interposed as a legal bar to a recovery. Very true; but he is not sued on the note; and the plea (by answer) does not pretend that he has performed the condition; which, and which only, would defeat the mortgage-title. He does not bring himself within the equity of the defeasance; and the title remains good, under seal, it is asserted, within twenty years, and it can be defeated only according to the tenor of the defeasance. This view is sustained in *Heyer* v. *Pruyn*, (7 *Paige*, 470,) and is precisely and very satisfactorily covered by the case of *Thayer* v. *Mann*, (19 *Pick.* 535.) There should be a new trial.

As this opinion was thought to overrule the case of *Jackson* v. *Sackett*, (7 *Wend.* 94,) my associates deemed it best to have a full argument before coming to such a result; and on such argument it now comes up.

My views remain unchanged; and though it is rather difficult to say what the case of *Jackson* v. *Sackett* did decide, still, if to order a new trial in this case, that case must be reversed, I should order the new trial. That case founds its reasoning on the basis that the statute of limitations is a defense, because the law, from lapse of time, presumes payment. I do not so understand the statute of limitations. I understand mere lapse of time to be a full defense, because the statute says so: "*Ita lex scripta;*" and there is need of no such presumption to help out an absolute rule. But that case departs from its premise, of presumption of payment being merely the basis of a positive statute bar, when it says, (at p. 100,) "but the presumption arising from lapse of time is but *evidence* to the jury, from which they *may* infer that the debt has been satisfied." This, though true on a question of fact, (as to actual payment,) cannot be said of a legal presumption arising from an admitted fact. The lapse of time was either a bar, or no bar. If, by the statute, a bar, it needed no help from presumption. If not, by the statute, a bar, no presumption could help it.

But since my first opinion was written, there has been pub-

lished a decision, (given indeed in 1857, but not then printed,) by which the court of appeals clearly takes the view that I did. (*Waltermire* v. *Westover*, 4 *Kern.* 16.) At page 20, "such statutes act upon the *remedy* merely, and not upon the debt." And at pages 21, 2, "If statutes of limitation do not discharge the debt, but act exclusively upon the remedy, upon what principle of interpretation is it to be held that this statute, which is in terms confined to the remedy by action, operates to annihilate a remedy by execution? The statute does not operate by producing any presumption of payment; but is a mere statutory bar, founded in principles of public policy."

In the case before us, the statute of limitations (where it speaks of the lapse of six years as a bar) is in terms confined to an action at law on the note; and cannot operate to annihilate a remedy *on the mortgage*, by which a court of equity cuts off the equity of redemption. The decision in 4*th Kernan* is abundant authority for ordering a new trial in this case.

The judgment of the circuit court should be reversed, and a new trial ordered; costs to abide the event.

WRIGHT J., concurred.

New trial granted.

[ALBANY GENERAL TERM, May 2, 1859. *Wright, Gould* and *Hogeboom,* Justices.]