## 𝔅𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

### WOLF v. VIOLETT'S ADM'R.

November 22d, 1883.

1. PRACTICE AT COMMON LAW—*Trust deeds—Covenant—Demurrer.*—Demurrer lies to action of covenant on trust deed executed merely as collateral security for payment of promissory note.
2. IDEM—*Limitations.*—Such trust deed does not raise such note to the dignity of a specialty, and such note is barred by lapse of five years before suit brought.
3. IDEM—*Covenants broken—Evidence.*—Such trust deed, in action thereon, is not of itself sufficient evidence of covenants broken, and a verdict founded on such evidence alone, is unwarranted.

Error to judgment of corporation court of city of Alexandria, rendered 13th October, 1880, in an action of covenant, wherein A. W. Armstrong, administrator *de bonis non*, c. t. a. of R. G. Violett, deceased, was plaintiff, and William Wolf, plaintiff in error, was defendant. The action was instituted 28th November, 1879, on a trust deed executed 29th January, 1866, merely as collateral to secure five promissory notes dated 1st January, 1866, each for $500, payable at one, two, three, four and five years, respectively, after their date, to order of Robert G. Violett. Defendant demurred and pleaded covenants not broken, payment and two special pleas, setting up as bar the lapse of five years between action accrued and action brought. Demurrer was overruled and special pleas struck out. The only evidence introduced at the trial was the trust deed. Verdict for plaintiff and judgment accordingly. Defendant moved for new trial, which was refused. Having duly excepted to

the rulings of the court, defendant obtained from one of the judges of this court a writ of error to the judgment.

Opinion fully states the case.

*John M. Johnson,* for plaintiff in error.

*Wattles & Mushbach,* for defendant in error.

FAUNTLEROY, J., delivered the opinion of the court.

The transcript of the record shows that, the form of the action was covenant upon a deed of trust, dated January 29th, 1866, between William Wolf of the one part and H. O. Claughton of the other part, whereby the said Wolf conveyed a certain parcel or tract of land lying, situate and being in the county of Alexandria, known as " Red Hill," and containing five acres, in trust to secure to the said Robert G. Violett the sum of $2,500, with interest, which the said William Wolf owes to the said Robert G. Violett, *as evidenced* by *five promissory notes* of the said William Wolf, payable to the order of the said Robert G. Violett, each for the sum of $500, payable, respectively, on or before the 1st day of January, 1867, 1868, 1869, 1870 and 1871, each with interest from date of said notes, payable semi-annually, on the first days of July and January following. It is expressly agreed and provided that if the said Wiliiam Wolf shall fail to pay either of the aforesaid notes when the same shall become due and payable, or shall fail to pay the interest thereon semi-annually, then in that case the said H. O. Claughton, whenever thereunto directed by the said Robert G. Violett, or the holder of the note, or notes, hereinbefore mentioned, shall, after thirty days' notice of time and place of sale, advertised in the Alexandria *Gazette,* proceed to sell, at public auction, to the highest bidder, the property herein conveyed for cash; and from the pro-

ceeds of such sale, after first paying the costs and expenses of making and executing this trust, pay off and dis-charge *the debt for the security of which this deed is executed,* and pay over any balance remaining, *after the payment of before mentioned notes,* to the grantor, &c.

The plaintiff sued out the summons November 28th, 1879, and filed his declaration at January rules, 1880, and the defendant appeared, craved oyer of the deed of trust, and demurred to the declaration. At the July term, 1880, the court overruled the demurrer to the declaration, and thereupon the defendant pleaded covenant performed, and covenant not broken, and payment, on which issue was joined; and defendant also filed two special pleas, which two special pleas the court, on motion of the plaintiff, struck out, and the defendant excepted.

At the October term, 1880, the issues joined between the plaintiff and defendant were tried by a jury, and a verdict was rendered against the defendant for $1,131.82, with interest from January 1st, 1869. The defendant thereupon moved the court to set aside the verdict and grant him a new trial; but the court overruled his motion, and entered up judgment in accordance with the verdict. The defendant objected to the deed of trust being heard in evidence before the jury, but the court allowed it to be done; and defendant excepted thereto.

The plaintiff in error assigns the following errors:

1st. Overruling the demurrer; 2d. Striking out the two special pleas; 3d. Admitting the deed of trust in evidence; 4th. Overruling the motion for a new trial.

The demurrer to the declaration (in covenant) raised the point of law, Can a promise under seal be implied from a deed executed, not as an evidence of indebtedness, but simply to create a security? or, in other words, does the bare recital of a debt in a deed of trust, suffice to convert the simple contract debt, secured by the deed of trust, into a *specialty?*

The suit was not brought within five years from the maturity of the five promissory notes; and the two special pleas, which were stricken out, raised practically the same ·question as the demurrer, to-wit: the five years' limitation of the statute; and the determination of the question raised by the demurrer will dispose of. the special pleas. The deed of trust, upon which the action· is founded, does not contain any *express* covenant, or promise, to pay the debt; but it is contended by the appellees, and was held by the court below, that the language of the deed of trust ·does raise an *implied* covenant to pay the debt itself, independent of the lien given by the deed of trust upon the ·specific property conveyed as a security.

We think the touchstone of this contention is the *intention* of the parties.

"The general principle seems to be that, although there be no words of express or direct promise, yet an acknowl-·edgment of indebtedness *may* amount to such promise, *if there is nothing to show that the acknowledgment was ·made with a different view.*" 2 Minor's Inst. 755.

The contract of indebtedness, in the case at bar, was ·made and defined between the parties by five promissory notes, which evidenced only a *simple contract* debt; and the execution of a deed of trust on specific property merely as security for its payment; could not make it a specialty debt. The deed of trust had to be under seal to be valid; the seal is an' indispensable legal essential of the instrument itself, and is affixed to it, without any *intention* by the parties to *create a specialty* debt or obli-·gation; but *diverso intuitu,* simply to create the instrument.

There is a plain and important distinction between deeds of trust, executed as collateral security for the payment of simple contract debts, and bonds and deeds and other promises to pay under seal. The acknowledgment of the

debt or obligation, in the deed, or bond, or other promise to pay, can have but one possible object or intention, to-wit: the express or implied promise to pay; but the execution of a deed of trust, to convey specific property as security for a debt, or obligation, already subsisting, and the necessary recital of the debt, and words of reference to, and description of it, do not import a specific promise to pay, or create a debt or obligation of any higher dignity than the character of the debt intended to be secured.

The language of the deed of trust, in the case at bar, already stated at length, expressly excludes the conclusion that it was the intention of either party to the transaction to do more or other than to convey specific property for a certain purpose, to-wit: "That, in default of payment of either of the aforesaid notes, or of the interest thereon semi-annually, then, in that case, the said trustee, whenever thereunto directed by the said Robert G. Violett, or the *holder* of the note or notes hereinbefore mentioned, shall sell, &c., the property herein conveyed, for cash; and after first paying the costs and expenses of making and executing this trust, pay off and discharge the debt, *for the security of which this deed is executed,* and pay over any balance remaining after the payment *of the before mentioned notes,*" &c.

This language, and not the mere detached words of reference to or description of the debt secured by the deed, shows distinctly and indubitably the *intention* of the parties to make only an ordinary and usual deed of trust, as an incident of the simple contract debt, evidenced by the five promissory notes as collateral for the same.

In *Jackson* v. *Sackett,* 7 Wend. 94, it was held, that a note for a sum of money, referred to in a mortgage, does not thereby, without further proof, attain the dignity of a sealed instrument: "A mortgage is but an incident to the debt, it is not the debt." 7 Wend. 98. "It is nothing more

than a security for the debt." Fonblanque's Equity, III, ch. I, § 3, noted.

"Though the note was secured by a mortgage, if it was not a sealed note, it still remained a simple contract; its being recognized by an instrument under seal would not change its character. We have held that there is no implied covenant in a mortgage to pay a mortgage debt upon which an action can be maintained; . . . . the fact that real estate is pledged as collateral security for its payment, by way of mortgage, cannot render it a specialty." *Jackson* v. *Sackett*, 7 Wend. 102; *Drummond's Adm'r* v. *Richards*, 2 Munford's Report, 337. In Angell on Limitations, it is laid dawn, that "though a promissory note is secured by a mortgage, it still remains a simple contract; and its being recognized by a deed under seal does not change its character. The fact that real estate is pledged as collateral security for its payment, by way of mortgage, cannot render it a specialty." (See pages 73, 74, 92, 93, and note 5, and cases cited.)

A mortgage is a deed, and a recital in that instrument is as much a recital under seal as a recital in a deed of trust. The reason is the same in both cases, and the seal is affixed in both—not to *constitute* the debt secured or to raise it into a specialty, but to create the security.

Judge Staples, in his opinion in the case of *Bowie* v. *Poor School Society*, 75 Va. 300, says: "The appellees are not seeking a recovery of the debt by an action at law, but by a sale of the specific property appropriated to its payment by the deed of trust. The mere personal obligation of the debtor is one thing, and a lien by a mortgage or deed of trust upon property for the debt is another and different thing." See also *Cole* v. *Withers*, 33 Gratt. 196–7; *Smith's Ex'or* v. *W. C. V. M. & G. S. R. R. Co.*, 33 Gratt. 620.

For these reasons we are of the opinion that the court below erred in overruling the demurrer, and also in striking out the special pleas.

We are also of opinion that the motion for a new trial ought to have been granted. All the evidence introduced by the plaintiff (which was all the evidence in the case) was the deed of trust. The issue joined between the parties was, whether the defendant had broken his covenant contained in the obligation sued on, and if the jury found he had, what was the measure of recovery for such breech?

It was encumbent on the plaintiff to prove by some evidence that the defendant had broken the covenant. Under the plea of "covenant performed," the plaintiff was bound to show what he alleged was the breech, to-wit: the nonpayment of the money; there was no obligation on the defendant, under his plea, to show that he had paid the money; but the plaintiff had to show, affirmatively, that the defendant had not paid the money. He did not produce the notes, or offer them in evidence. In point of fact, there was no evidence of the alleged breech of covenant before the jury at all. The averment in the declaration, that the defendant had not paid any, or either of the sums of money, or any part thereof, or any interest thereon appointed to be paid to the plaintiff, or to his testator in his lifetime, was not evidence of the breech of covenant, for *non constat,* but *the notes*—one or more, or all of them— may have been assigned by the plaintiff, or by his testator in his lifetime; and on that hypothesis there could be no breech of covenant as to either the plaintiff or his testator, unless he still held the notes; and, indeed, the deed of trust itself seems to have contemplated the assignment of the notes, for it provided that, in default of payment, in whole or in part, the trustee should sell "whenever thereunto directed by the said Robert G. Violett, or the holder of the note, or notes, hereinbefore mentioned."

We are of opinion that the judgment of the corporation court of Alexandria appealed from is erroneous, and must be reversed and annulled.

The judgment was as follows:

This day came again the parties by their counsel, and the court, having maturely considered the transcript of the record of the judgment aforesaid and the arguments of counsel, is of opinion, for reasons stated in writing and filed with the record, that the said judgment is erroneous. It is therefore considered that the same be reversed and annulled, and that the plaintiff in error recover against the defendant in error his costs by him expended in the prosecution of his said writ of error here. And this court, proceeding to render such judgment as said corporation court ought to have rendered, is also of opinion, that the matters of law arising upon the plaintiff in error's demurrer to the defendant in error's declaration, are for the said plaintiff, and that the said declaration is not sufficient in law for the defendant in error to have and maintain his action against the plaintiff in error; therefore it is further considered that the defendant in error take nothing by his bill, but for his false clamor be in mercy, &c.; that the plaintiff in error go thereof without day and recover against the defendant in error his costs by him about his defence in the said corporation court expended—said costs to be levied of the estate of the defendant's intestate in his hands to be administered—which is ordered to be certified to the said corporation court.

JUDGMENT REVERSED.