THE PRINCETON SAVINGS BANK

v.

ALFRED W. MARTIN.

According to the unquestioned practice in this state, a mortgagee may proceed in equity against the maker of the bond secured by such mortgage for deficiency, at any time within sixteen years but not after, notwithstanding the lien of the mortgage given to secure such bond remains unaffected for twenty years.

On demurrer to bill for deficiency.

*Mr. William M. Lanning*, for the demurrant.

*Mr. P. A. V. Van Doren* and *Mr. Garret D. W. Vroom*, contra.

BIRD, V. C.

On the 1st day of April, 1867, Augustus L. Martin and Alfred W. Martin made their joint and several bond for the sum of $1,800, payable in one year, and delivered the same to Augustus S. Case. To secure this bond they executed and delivered to Case a mortgage upon a tract of land owned by them as tenants in common. On April 1st, 1868, Augustus L. Martin sold and conveyed his interest in the mortgaged premises to his brother, Alfred W. Martin. Subsequently there were several conveyances of the fee, the last one being to one Charles S. Bradfield.

Case assigned the bond and mortgage to one Van Deventer, who assigned them to the complainant, the Princeton Savings Bank, on the 12th day of February, 1885. On the 25th day of February, 1892, the complainant filed a bill to foreclose the mortgage, without making Alfred W. Martin, this defendant, a party, and such proceedings were had that a sale was effected by virtue thereof.

The bill filed in this case is for the deficiency remaining after that sale. This bill shows that the amount of the decree was $2,020.50, besides $145.09 of costs. The premises sold for $400, the purchaser being the present complainant. After the payment of sheriff's fees and the costs there remained $212.51 to be credited upon the decree.

The demurrant insists that the complainant has a complete and adequate remedy at law. While that may be, the practice of proceeding by bill in equity for deficiency arising upon the sale of mortgaged premises has been so long recognized by courts of equity, and, so far as I know, never questioned in this state, that I do not feel at liberty in this case to say that the complainant has mistaken its forum. There is no single fact in this case to deprive the complainant of this method, or to relieve the defendant from answering in this court. As between the complainant and the defendant, if anyone be, he of all others is liable. It nowhere appears that the grantees or any of them assumed the payment of the money secured by this mortgage; consequently, the only person liable, if anyone be, on the bond in question, is the defendant. *Pruden* v. *Williams, 11 C. E. Gr. 210,* and cases cited.

But another objection by way of demurrer is assigned, *i. e.,* that the debt is barred by the statute of limitations. It appears that the debt was evidenced by the bond of Augustus and Alfred Martin. It bore date April 1st, 1867, and was payable in one year. April 1st, 1868, Augustus conveyed his interest to Alfred, and on March 24th, 1869, Alfred conveyed his interest in the premises. There is nothing whatever to show that either of these obligors in any manner recognized or acknowledged his liability after the dates last given. The only proof of the validity of the

mortgage itself as a lien is the foreclosure, which is stated in the bill to have gone to a decree and a sale. The claim that because the amount found to be due, as expressed in the decree, was greatly below the amount that would have been due at that time if there had been no payments, raises the clear presumption that there must have been payments, cannot in any sense avail the complainant in this proceeding. The rule that allegations must be taken most strongly against the pleader, cannot be overcome by such an alleged presumption. Besides, in order that such presumption should prevail in this case as against this defendant, the court would be obliged to presume that, as the mortgage continued to be a lien upon the premises, the obligor would not make payments upon his bond after he had parted with his title to the premises given as security for such bond.

I think, if payments were made by any of the subsequent grantees, by which the lien of the mortgage was preserved as against the land, such payments would not bind the obligees on the bond. It is not shown that such grantees and obligees were under the slightest liability to each other. It is true that under the law as it has been declared in this state (*Van Dike* v. *Van Dike, 3 Gr. 289*), any acknowledgment of the liability upon such an instrument, either before the statute begins to run or afterwards, by one of two or more joint obligors, will not only bind the one making the acknowledgment, but also all others, so as to prevent the operation of the statute, which principle, however, seems to have been settled adversely in New York. *Van Kuren* v. *Parmelee, 2 N. Y. 523.*

But, as already intimated, there is no such binding relation between the grantees named in the bill of complaint and the makers of the bond in question as will put in operation any such principle. This view seems to have controlled the court in the case of *Trustees of Old Alms House* v. *Smith, 52 Conn. 434.*

Nor does the fact that the lien of the mortgage has been established by decree remove the bar of the statute as to the remedy for the debt. It seems that where statutes do not prevail to the contrary, it is held that the remedy for the debt may be barred while the lien of the mortgage continues to subsist. *Jones Mort.*

§§ *1203, 1204; Waltermeir* v. *Westover, 14 N. Y. 16; Heyer* v. *Pruyn, 7 Paige 465; Jackson* v. *Sackett, 7 Wend. 94; Ball* v. *Wyeth, 8 Allen 275; 2 Wood Lim. Act. 545.*

From these authorities it would seem to follow that if these obligors had been made parties to the bill to foreclose, and a decree for deficiency, if any, had been prayed for against them, it could not have been granted without proof that one of them at least had acknowledged of their obligation within sixteen years prior to the time of filing the bill, notwithstanding the complainant's lien upon the premises, by virtue of its mortgage, was still binding.

In brief of counsel for complainant it is urged that the questions raised in this case should be presented by plea and not by demurrer. I think that if the defendant has mistaken his mode of relief the other side could only take advantage of it by notice of motion to strike out his demurrer. Submitting to a hearing as introduced by the adverse party ought to bind his antagonist.

I think the demurrer should be sustained, with costs.